[No. 6612.   Decided August 1, 1907.]

CANADIAN BANK OF COMMERCE, *Respondent*, v. C. E.
BINGHAM, *Appellant*.[1]

BANKS AND BANKING—CHECKS—PAYMENT—FORGERY—RECOVERY OF
MONEY PAID. Where forged checks were cashed by another bank, the
bank on which the checks were drawn may, after negligently paying
the checks before discovery of the forgery, recover from such other
bank the amount so paid to it, if such bank has not been placed in a
worse position than it would have been in had payment of the
checks been refused and prompt notice of the forgery given.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered September 8, 1906, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to recover money paid on
forged checks.   Affirmed.

*Smith & Brawley*, for appellant, cited: *Minot v. Russ*,
156 Mass. 458, 31 N. E. 489, 32 Am. St. 472, 16 L. R. A.
510; *Metropolitan Nat. Bank v. Jones*, 137 Ill. 634, 27 N. E.
533, 31 Am. St. 403, 12 L. R. A. 492; *Meridian Nat. Bank
v. First Nat. Bank*, 7 Ind. App. 322, 33 N. E. 247, 34 N. E.
608; *First Nat. Bank v. Leach*, 52 N. Y. 350, 11 Am. Rep.
708; *National Park Bank v. Ninth Nat. Bank*, 46 N. Y.
77, 7 Am. Rep. 310; *Marine Nat. Bank v. National City
Bank*, 59 N. Y. 67, 17 Am. Rep. 305; *Bank of St. Albans v.
Farmers & Mechanics Bank*, 10 Vt. 141, 33 Am. Dec. 181;
*Bank of United States v. Bank of Georgia*, 10 Wheat. 333,
6 L. Ed. 334.

*Million, Houser & Shrauger*, for respondent, to the point
that the paying bank could charge back its loss to its cus-
tomers cashing forged paper, cited:   Selover, Bank Collec-
tions, § 15; *Green v. Purcell Nat. Bank* (Ind. Ter.) 37

[1]Reported in 91 Pac. 185.

42—46 WASH.

S. W. 50; *Mayer v. Mayor of New York*, 63 N. Y. 455; *Indig v. National City Bank*, 80 N. Y. 100; *Second Nat. Bank v. Guarantee T. & S. Dep. Co.*, 206 Pa. 616, 56 Atl. 72; *Land Title & Trust Co. v. Northwestern Nat. Bank*, 196 Pa. St. 230, 46 Atl. 420, 79 Am. St. 717, 50 L. R. A. 75; *First Nat. Bank v. City Nat. Bank*, 182 Mass. 130, 65 N. E. 24, 94 Am. St. 637. The bank could recover money paid out under a mistake. *Canal Bank v. Bank of Albany*, 1 Hill. 287; *Metropolitan Nat. Bank v. Merchants' Nat. Bank*, 182 Ill. 367, 55 N. E. 360, 74 Am. St. 180; *National Bank of Commerce v. National Mechanics' Bank. Ass'n*, 55 N. Y. 211, 14 Am. Rep. 232; *Holly v. Missionary Society*, 180 U. S. 284, 21 Sup. Ct. 395, 45 L. Ed. 531; *Third Nat. Bank v. Allen*, 59 Mo. 310; *Parke v. Roser*, 67 Ind. 500, 33 Am. Rep. 102; *Espy v. Bank of Cincinnati*, 18 Wall. 604, 21 L. Ed. 947; *Merchants' Bank v. McIntyre*, 2 Sandf. (Sup'r. Ct.) 431; *Leather Manufacturers' Bank v. Merchants' Bank*, 128 U. S. 26, 9 Sup. Ct. 3, 32 L. Ed. 342; *Riverside Bank v. First Nat. Bank*, 74 Fed. 276. The holder of a forged paper who received payment is liable to the paying bank regardless of indorsements. *People's Bank v. Franklin Bank*, 88 Tenn. 299, 17 Am. St. 884, 6 L. R. A. 724; *Laborde v. Consolidated Ass'n*, 4 Rob. (La.) 190, 39 Am. Dec. 517.

Root, J.—This case was before the court once heretofore, and may be found reported in 30 Wash. 484, 71 Pac. 43, to which reference is made for a more complete statement of the facts and for a discussion and determination of most of the legal propositions presented on the present appeal. At that time the action of the lower court in sustaining a demurrer to plaintiff's complaint was held erroneous, and the case was remanded for a trial. Upon the hearing it was established that one of the forged checks in question was presented to this appellant, at his banking house at Sedro-Woolley, by some one whom none of the bank officers could recall, and cashed by appellant, the check being indorsed by the name of the payee,

a person known to none of the officers of the bank nor to the logging company whose officers' names were upon the check, one genuine and one a forgery. The other checks involved were presented to this appellant, at his bank in Sedro-Woolley, by various business men in said town, they having cashed the same or received them in payment for goods when presented in the course of business. At the close of the evidence, the trial court made findings and conclusions in favor of the plaintiff, and rendered judgment thereupon, from which this appeal is taken.

It is contended by appellant that the evidence shows no negligence whatever upon his part, and that the negligence of the respondent, in accepting and cashing the checks when it had at hand the signatures of the logging company's officers, by an examination of which it would have detected a forgery, is sufficient to defeat respondent's action. It is urged that the statute, as well as the common law, required the respondent to know the signatures of its depositors, and that having accepted and paid the checks it cannot now recover the money. It seems to us that the holdings of the court when the case was here before are conclusive against the appellant at this time. These checks were forgeries. They never had any value. When the forger passed them, it was an act of fraud, and every one who advanced or paid money as a consideration for one of these checks did it as a result of deception, fraud, or mistake. Hence, every one who handled one of these checks and received money in consideration thereof, thereby received something for nothing. As a general proposition, money so received cannot be withheld when demanded by the party who, by fraud, misrepresentation or mistake, paid said money for something which he supposed to be of value, but which as a matter of fact and law was valueless. In the opinion handed down before, the following appears:

"Certainly the governing principle upon which the respondent [now appellant] is entitled to retain the appellant's money, if he is so entitled, is that by the action of the appel-

lant he has been prevented from recovering the money out of which he had been defrauded by the forger before the appellant had taken any action in the premises; or, stated affirmatively, that he has been prejudiced by the action of the appellant in paying the check instead of allowing it to go to protest. This is in harmony with the undisputed rule that a drawer or maker of a check, who is deceived by a forgery of his own signature, may recover the payment back, unless his mistake has placed an innocent holder of the paper in a worse position than he would have been in if the discovery of the forgery had been made on presentation, and with the rule that allows the maker of a note, who pays it over his own forged signature, to recover, from the person who received it, for money paid by mistake, unless his negligence has caused loss to an innocent purchaser. There are no arbitrary rules of law governing these cases, and none are contended for."

Under this ruling the respondent was entitled to recover, unless respondent's negligence caused a loss to this appellant. It is doubtless true that the respondent was guilty of negligence in not promptly discovering the forgery and notifying this appellant. It is also quite evident that appellant, or whosoever first cashed these forged checks, was guilty of some negligence in not having the party properly identified. But, laying aside the question of negligence as to appellant and those from whom he bought the checks, it does not appear from the pleadings and evidence in this case that the appellant suffered loss by reason of the delay or negligence of respondent. If the appellant had made a showing that, at the time he was apprised of the forgery, he was unable to collect the money which he had paid for said checks, but that he could have done so if respondent had promptly detected the forgery, as it should have done, he would doubtless have a defense to this action. But nothing of the kind appears. So far as this record shows, the appellant, when apprised of the forgery, could have recovered from each of the parties from whom he received the checks the amount of money paid therefor, or was in as good a position to have done so as he

would have been had the respondent immediately protested the checks and notified him of the forgery.

We think the judgment of the trial court was in accord with the principles enunciated in the opinion of this court upon the former hearing. The judgment is affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.